## CHABOT & RICHARD COMPANY *vs.* L. T. CHABOT.

### Androscoggin. Opinion October 15, 1912.

*Authority of Directors, President, Treasurer, and General Manager of Corporations to Increase Wages or Salary. Fixing own Salary. Money had and received.*

1. The findings of facts made by the court hearing a case without a jury, or such as necessarily formed the basis of the court's conclusion, are conclusive, if there is any evidence to support them, and exceptions do not lie.

2. If there is no evidence to support the findings of such facts as must necessarily have formed the basis of the judgment, in a case heard by the court without a jury, or, if only one inference can be drawn from the existing facts, and if that inference does not support the judgment, the finding is an erroneous decision of the legal conclusions to be drawn from the evidence, and is error in law, to correct which exceptions will lie.

3. No officer of a corporation can fix or increase his own salary. That power is vested in the directors as a board. But it is not necessary that the power be exercised at a formal meeting, or by a formal vote, nor that the exercise be shown by record. A mutual understanding of all the directors is sufficient.

4. Under the evidence, a finding that the plaintiff's directors authorized the defendant, the "manager" of the corporation, to increase his own salary is not open to attack. So as to the action of the defendant, in raising the salary of the clerk, Richard.

5. The defendant, as treasurer of the plaintiff corporation, had no power to employ counsel in litigation in which he and other individuals were the

only interested parties, at the expense of the corporation, and to pay them out of the corporate funds, even though the corporation was a necessary, but only a nominal, party, to the suit. No contrary inferences can properly be drawn from the evidence. The plaintiff is entitled as a matter of law to recover back the amounts so paid out for counsel fees.

On exceptions. Sustained.

This is an action for money had and received to recover back divers sums of money paid from the treasury of the plaintiff corporation, unlawfully and without authority. The plaintiff corporation, in 1908, was conducting a dry goods business in Lewiston. The defendant was president, treasurer, director and general manager of said corporation, and one Richard was clerk of the corporation, and also clerk in the store and manager of one of the departments. In October, 1908, the defendant, without any formal vote of the corporation, or of the directors, raised his own salary and the salary of Richard and paid same out of the treasury of the corporation. The defendant also employed counsel in defense of two bills in equity in which he was defendant in one and he and Mr. and Mrs. Richard were defendants in the other, and paid them for their services out of the treasury of the corporation. The case was heard before the presiding Justice, without a jury, with the right to except. Judgment was ordered for the defendant and the plaintiff excepted. Plea, the general issue.

The case is stated in the opinion.

*Newell & Skelton* for plaintiffs.

*McGillicudy & Morey,* for defendant.

SITTING: SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

SAVAGE, J. Action for money had and received to recover back divers sums of money which the plaintiff, a corporation, alleges that the defendant, who was at one time its treasurer, paid out of its treasury, unlawfully and without any authority. The case was heard before the presiding Justice, without a jury, with the right of exceptions. Judgment was ordered for the defendant, and the plaintiff excepted.

In such a case, the findings of facts by the Justice hearing the case, if there is any evidence to support them, are conclusive, and exceptions do not lie. *Treat* v. *Gilmore,* 49 Maine, 34; *Keen* v.

*Jordan,* 53 Maine, 144; *Shrimpton* v. *Pendexter,* 88 Maine, 556. On the contrary, if there is no evidence to support the findings of such facts as must necessarily have formed the basis of the judg-ment, or, if one inference only can be drawn from the existing facts, and if that inference does not support the judgment, the finding is an erroneous decision of the legal conclusions to be drawn from the evidence, and is error in law, to correct which exceptions will lie. *Morey* v. *Milliken,* 86 Maine, 464.

In this case the presiding Justice made no specific findings of fact. But inasmuch as he ordered judgment for the defendant, it must be assumed that he found for the defendant upon all issues of fact necessarily involved. And his decision thereon must be taken as conclusive, and not open to exceptions, if the evidence, with the legitimate inferences to which it is susceptible, viewed most favor-ably for the defendant, can support the judgment.

The record shows the following facts. In 1908 the defendant was president, treasurer, director and general manager of the plain-tiff corporation, which was then conducting a dry goods business in Lewiston. One Richard was clerk of the corporation, and was also clerk in the store, and manager of one of the departments. In October of that year the defendant, without any formal vote of the corporation or of the directors, raised his own salary from $37.50 a week to $50, and the salary of Richard from $20 a week to $35. The defendant, as treasurer, paid the increased salary to himself and Richard from October 5, 1908 to January 7, 1911. The plaintiff in this suit seeks to recover back the increase, both that which the defendant received himself, and that which he paid to Richard.

It is doubtless true that the defendant, neither as president, nor as treasurer, nor as director, nor as manager, had any authority to fix his own salary, or to increase it. *Camden Land Co.* v. *Lewis,* 101 Maine, 78. That power was vested in the directors as a board. But it was not necessary that the directors should exercise that power at a formal meeting, or by a formal vote, nor that the exercise of the power should be shown by record. It was sufficient for the defendant's purpose for him to show that the increase in salary was made in accordance with a mutual understanding of all the directors. *Peirce* v. *Morse-Oliver Co.,* 94 Maine, 409; *York* v. *Mathis,* 103 Maine, 67. And such an understanding may be shown

by conduct, as well as by evidence of specific agreement. In this case one of the directors, Langley, testified that he never agreed to the increase of salary, and that in fact he never heard anything about it until long afterwards. But this was disputed. The defendant testified that the increase was made with the consent, and even at the suggestion, of Langley. It is not shown how many directors there were, nor who they were, besides the defendant and Langley, nor whether the other directors assented or not, to the increase. But no point is made by counsel as to the want of assent by other directors, and therefore we make none. Viewing the testimony of the defendant, and the conduct of the parties as shown, we think that a finding that the defendant was authorized by the directors to increase his own salary is not open to attack.

So far as concerns the increased salary paid to Richard, less need be said. The defendant was manager. Richard was clerk. The defendant had for a long time exercised, without any question, the authority to fix the salaries of clerks, and to increase them at his discretion. Though the directors passed no vote on the subject, their acquiescence in the exercise of the authority by the defendant abundantly appears. The finding below on this question was conclusive.

But the plaintiff also seeks to recover certain sums of money paid by the defendant out of the plaintiff's treasury for legal services in defence to two bills in equity, one of which was brought against the defendant, and the other against the defendant and Mr. and Mrs. Richard, in each of which the present plaintiff was made a party defendant.

The facts, which are not in dispute, briefly stated, are these. Mr. Langley, either alone or with his family, was the owner of the majority of the stock of the corporation, but he was only a minority of the board of directors. The defendant, without authority, and without the knowledge even of the other stockholders, issued to himself fifty shares of stock, for which, or for the greater part of which, he gave his personal unsecured note. This stock, with what he had before, constituted a majority of all the stock issued, and. gave the defendant the virtual control of the corporation. Langley brought a bill in equity to compel the defendant to cancel and surrender the fifty shares of stock so issued. The bill was sustained,

and the defendant was ordered to return and cancel the shares of stock. This case is silent on the matter, but it may be assumed that he did so. But immediately thereafter, and without authority, the defendant issued one share to Mr. Richard and thirty-nine shares to Mrs. Richard. Langley then brought another bill, this time against the defendant and Mr. and Mrs. Richard, to compel the cancellation and surrender of these latter shares. This bill was likewise sustained, and the Richards ordered to cancel and return the shares of stock. In both of these bills the plaintiff was made a party defendant. This defendant, Chabot, employed counsel to defend these bills, and the counsel were paid by him for their services out of the plaintiff's treasury. He claims and testifies that he, as officer or manager, employed the counsel to defend or "protect" the corporation.

But although the corporation was a necessary party to those bills, it is most manifest that it was only a nominal one. As a corporation it had nothing at stake. It had no pecuniary interest in the result of the litigation. Langley, on one side, and the defendant and Mr. and Mrs. Richard on the other, were the contending litigants. The corporation was only the stake or prize for which they were contending. The defendant, in one case, and Mr. and Mrs. Richard in the other, were the ones to make or lose by the result of the suits. Against them only did Langley seek any relief. The suits were private matters. The defendant had no authority to defend himself and Mr. and Mrs. Richard at the expense of the corporation. He could not employ counsel for that purpose, and lawfully pay them out of the corporate funds. It is not a question of what the defendant undertook to do in the matter of counsel, but of what he had power to do. And that presents a question of law. The payment of the counsel fees, out of the corporate funds, was, under the circumstances disclosed in the record, unauthorized and unwarranted. We think no contrary inference can properly be drawn from the facts. The plaintiff, therefore, was entitled, as a matter of law, to recover back the amounts paid out for counsel fees. The conclusion of the presiding Justice to the contrary, accordingly, must be regarded as error in law.

The plaintiff's exceptions are, in this respect, well taken, and must be sustained.

*Exceptions sustained.*