THE NORTHWESTERN INVESTMENT COMPANY

*vs.*

FRANCIS PALMER, et al., and Trustee.

York.    Opinion June 29, 1915.

*Assignment.    Distribution.    Distributive Share.    Findings of Facts by Justice Hearing Case.    Legacy.    Residuum.    Trust.*

1.   The findings of facts made by a Justice hearing a case without a jury are conclusive, if supported by any evidence.

2.   The findings of facts made by the Justice who heard the case are supported by evidence.

3.   A suit for the recovery of a distributive share of the residue of an estate is not maintainable by a legatee while the estate is still in the process of settlement, nor, until the amount to be distributed has been ascertained and determined by the Probate Court.

On exceptions by plaintiff.    Exceptions overruled.

An action of assumpsit by the plaintiff as assignee of Bartlett Palmer and Clinton C. Palmer, sons of Elizabeth C. Palmer, to recover from the executors of the will of said Elizabeth C. Palmer their distributive shares in the residuum of said estate.    Plea, general issue with brief statement.

At the conclusion of the hearing, the Court ordered judgment for the defendant, on the ground that the estate was still in process of settlement in the Probate Court for York County, that the executors were acting in good faith and were proceeding with due and reasonable diligence.    The plaintiff excepted to said ruling and his exceptions were allowed.

The case is stated in the opinion.

*Clinton C. Palmer,* for plaintiff.

*Cleaves, Waterhouse & Emery, and James O. Bradbury,* for defendants.

*N. B. & T. B. Walker,* for trustee.

SITTING:    SAVAGE, C. J., SPEAR, KING, BIRD, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.    Elizabeth C. Palmer died, testate, September 30, 1907.    By her will, after making sundry specific bequests, the testatrix disposed of the residue of her estate as follows:    "I give and bequeath all the rest and remainder of my estate to such of my children who may outlive me share and share alike, but I will that the portion which would fall to my son Clinton shall be held in trust for him by my son Francis to be used for his comfort and necessities, according to the discretion of said son."    The plaintiff, as assignee of Bartlett Palmer and Clinton C. Palmer, two of Mrs. Palmer's sons, seeks in this suit to recover from the executors their distributive shares in the residuum.    No distribution has been ordered by the Probate Court.

The case was heard at nisi prius by the Court without a jury.    The Court ordered judgment for the defendants "on the ground that the estate was still in the process of settlement in the Probate Court for York County, that the executors were acting in good faith and were proceeding to settle the same with due and reasonable diligence."    To this order, the plaintiff excepted.

The plaintiff's contention is that as a matter of fact the estate of Mrs. Palmer is in effect settled, and that as a matter of law, it is entitled to maintain this suit by virtue of R. S., Chap. 67, Sec. 24. By that section it is provided that "any legatee of a residuary or specific legacy under a will may sue for and recover the same of the executor, in an action of debt at common law, or other appropriate action."

As to the facts, the plaintiff is concluded by the findings of the Justice who heard the case. It is a settled rule of procedure that findings of facts by the Justice hearing a case without a jury, if there is any evidence to support them, are conclusive, and exceptions do not lie. It is only when there is no evidence to support the findings, or when only one inference can be drawn from the facts, and that inference does not support the judgment, that the findings constitute exceptionable error. *Chabot & Richard Co.* v. *Chabot,* 109 Maine, 403. An examination of this case shows sufficient evidence to warrant the findings of the Justice. We must assume then that the estate of Mrs. Palmer is still in process of settlement, in the Probate Court, and that the executors are acting in good faith, and are proceeding to settle the estate with due and reasonable diligence. Under such circumstances can this action be maintained? We think not.

Whether in all cases there must be a decree of distribution by the Probate Court before suit for a distributive share can be maintained, is not now the question. The court in *Smith* v. *Lambert,* 30 Maine, 137, indicated that such a decree is not necessarily a condition precedent to a suit. But notwithstanding the general character of the language in the statute, it has been repeatedly held that a suit for the recovery of distributive share of a residue is not maintainable by a legatee until the amount of the residue to be distributed has been ascertained and finally determined by the Probate Court. It must necessarily be so. *Hanscom* v. *Marston,* 82 Maine, 288; *Graffam* v. *Ray,* 91 Maine, 234; *Hawes* v. *Williams,* 92 Maine, 483; *Palmer* v. *Palmer,* 112 Maine, 156. If there be anything in *Smith* v. *Lambert* inconsistent with the doctrine of these cases, it must be regarded as having been so far overruled.

In the case of *Palmer* v. *Palmer* there were two bills in equity, heard together. In one Clinton C. Palmer as assignee sought to establish a lien on Bartlett Palmer's share in this same residue; and in the other this present plaintiff as assignee sought to establish a

like lien upon Clinton C. Palmer's share. The court dismissed the bills saying:—"The estate of Elizabeth C. Palmer remains unsettled. It is in process of such speedy settlement as continuous and protracted litigation will permit. The final account cannot be rendered nor the decree of distribution made until the controverted claims are determined; and the proper tribunal for the determination of those claims is the Probate Court which has full jurisdiction of the subject matter and of the parties. An action at law does not lie to recover a distributive share of an estate before the amount to be distributed has been ascertained by the Probate Court." The doctrine of that case applies to this one, and is decisive against the plaintiff.

And we may add that the attempt by bills in equity and suits at law to try in this court issues properly cognizable only by the Probate Court tends, not to expedite, but to retard the process of the settlement of the estate.

During the hearing, the plaintiff took an exception to the admission of a petition by the executors now pending in the Probate Court, to amend or correct an alleged error in their second account. Such a petition is in effect a petition to open the account. The petition was properly admitted as tending, among other things, to show that the estate is still unsettled. With the merits of the petition we have nothing to do here. The decision of the merits is within the jurisdiction of the Probate Court, and that court is the only one that has authority to decide, in the first instance.

The plaintiff is not without remedy. Nor need it be subject to any unnecessary delay. By pursuing the orderly procedure in Probate Court as established by law, it may compel the executors, if hereafter dilatory, to complete the final settlement of the estate with due diligence. And then it may invoke its statutory remedy by suit.

*Exceptions overruled.*