FRED L. EDWARDS

*vs.*

JOHN C. GOODALL

Oxford.   Opinion June 9, 1927.

*A judgment, an indivisible part of which rests solely and merely upon hearsay, cannot legally be sustained.*

*In case of a judgment in a jury waived case in an action at law, error in the admission of evidence is not a ground for reversal, if there is sufficient legal evidence to support the judgment, since it will be presumed, if nothing appears to the contrary, that the judge disregarded incompetent evidence.   Not so where the trial of an action at law is by jury, as such error may be a ground for reversal.*

In the instant case the judgment is not separable into parts.  Hearsay, and nothing else, received against objection, is to an appreciable extent the sole support of a single complete thing.   In other words, the competent evidence fails to extend to the entire judgment.   Where such evidence fails, the judgment which must stand or fall in toto, is not legally sustained.

On exceptions by defendant.   An action in assumpsit to recover damages which plaintiff alleges he suffered by reason of·the refusal of defendant to receive and pay for certain pine lumber bargained and sold to him by plaintiff at an agreed price, which plaintiff eventually was obliged to sell at a less price.   The action was tried by the presiding justice without the intervention of a jury.   During the trial five exceptions were taken by defendant, one of which was to the admission of alleged hearsay evidence, which alone was considered by the court.  Judgment for $2,413.26 was awarded to plaintiff.   Exception sustained.

The case fully appears in the opinion.

*Henry H. Hastings,* for plaintiff.

*Alton C. Wheeler,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BASSETT, PATTANGALL, JJ.

DUNN, J. This action was tried without the intervention of a jury. R. S. chap. 82, sec. 53.

In the declaration it was alleged that the plaintiff was unpaid for piling lumber which he had previously bargained and sold to the defendant, and that, when the defendant later refused to receive delivery of certain of the lumber, the plaintiff incurred loss in consequence of the sale and delivery of the refused lumber to another buyer for a less price.

Judgment was for the plaintiff, the award being general in the sum of $2,413.26.

In the course of the trial five exceptions were saved for the defendant, and these have been argued.

One exception makes the point that the judgment as an entirety has no sufficient support in legal evidence inasmuch as an indivisible part of the whole judgment rests merely upon hearsay. That exception has merit.                                           .

An important question at the trial was what amount of lumber the plaintiff had delivered to the new purchaser, load by load, by way of the railroad.

Concerning some of the loads, there is to show the number of board feet each contained  only the scale or survey bills sent by the buyer to the seller, which bills were admitted into the evidence subject to objection.

These scale bills were as distinctly hearsay as was the receipted bill in the Minnesota case of Conrad v. St. Paul, 153 N. W. 256, which did not prove amount nor value.

In any case tried by the court without a jury, in difference from where the trial of an action at law is by jury, error in the admission of evidence is not a ground for reversal, if there is sufficient legal evidence to support the judgment, since it will be presumed, if nothing appears to the contrary, that the judge disregarded incompetent evidence, 38 Cyc, 1939; *Hunt* v. *Higman,* (Iowa) 30 N. W. 769; *Victoria Company* v. *Haws,* (Utah) 27 Pac. 695. Our own cases of *Chabot* v. *Chabot,* 109 Maine 403, *Investment Company* v. *Palmer,* 113 Maine 395, and *Ayer* v. *Harris,* 125 Maine 249, hold the same by inference.

The judgment in this case is not separable into parts. Hearsay, and nothing else, received against objection, is to an appreciable extent the sole support of a single complete thing. In other words, the competent evidence fails to extend to the entire judgment. Where such evidence fails, the judgment, which must stand or fall in toto, is not legally sustained.

The conclusion reached makes it unnecessary to consider the other exceptions.

Let the mandate be,

*Exception sustained.*