FLORENT SANFACON *vs.* H. A. GAGNON AND LEAH M. GAGNON.

Aroostook.      Opinion July 12, 1933.

R. W. *Shaw*, for plaintiff.
*J. B. Pelletier*,
*Bernard Archibald*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J.    The parties to this suit were accommodation indorsers of a promissory note for $2,000 given on August 5, 1931, to the First National Bank of Van Buren and payable four months after date. The plaintiff, having paid the note in full before maturity, took an assignment of it by the indorsement without re-

course of the payee, and here seeks to recover over against his co-indorsers. They plead the general issue and, by a brief statement, set up the defense of payment and a discharge of their liability by release. The case was heard by a single Justice with jury waived. Exceptions to a finding for the defendants brings the case to the Law Court.

A brief summary of the evidence in this case seems sufficient. The maker of the note in controversy was Mary J. Gagnon, the daughter of the plaintiff, and the defendants were the parents of A. J. Gagnon, her husband. On or about April 1, 1931, Mrs. Gagnon purchased a millinery and dry goods store in Madawaska and the original note, of which that in suit is a renewal, was given to help finance this transaction. The business venture was not a success. On July 25, 1931, Mrs. Gagnon, being heavily in debt and pressed by her creditors, gave her father, the plaintiff, a mortgage of $12,000 on her stock of merchandise, household furniture and an automobile, and he undertook to pay her debts and reimburse himself for his own advances. The note at the bank of April 1, 1931, was not paid when it came due, but renewed by a new note which the defendants indorsed. The plaintiff paid this note on December 4, 1931, as already noted.

Witnesses testify that the plaintiff informed the defendants in advance that he was going to take the mortgage from his daughter and assume all her debts. There is evidence that, after the mortgage was given, the plaintiff said that he had assumed these debts and the first note that would be taken care of was the one in controversy. The plaintiff claims that the defendants were originally joint indorsers and agreed to remain liable as co-sureties after he acquired it. He denies that he assumed and agreed to pay the note or release the defendants.

A reading of the briefs indicates that the plaintiff's real complaint is that the decision below was against the weight of the evidence. That question is not open on this review. In cases heard by the Court without a jury, the right of exception is limited to rulings upon questions of law and does not include opinions, directions or judgments which are the result of evidence or the exercise of judicial discretion. *Ayer* v. *Harris*, 125 Me., 249, 250; *Pettengill* v. *Shoenbar*, 84 Me., 104; *Dunn* v. *Kelley*, 69 Me., 145.

Inasmuch as the presiding Justice made no specific findings of fact, it must be assumed that he found for the defendants upon all issues of fact necessarily involved. *Chabot & Richard Co.* v. *Chabot,* 109 Me., 403, 405. He is the exclusive judge of the credibility of witnesses and the weight of evidence, and only when he finds facts without evidence or contrary to the only conclusion which may be drawn from the evidence is there any error of law. *Weeks* v. *Hickey,* 129 Me., 339; *Bond* v. *Bond,* 127 Me., 117, 129; *Pratt v. Dunham,* 127 Me., 1; *Ayer* v. *Harris,* 125 Me., 249; *Chabot & Richard Co.* v. *Chabot,* supra. In passing, it may properly be observed that Rule XLII of the Supreme Judicial and Superior Courts, relating to the reference of cases under a rule of court, is in no way involved in this case. The plaintiff's citation of this rule is not in point.

The main issue upon which counsel for all parties direct their arguments and the case seems to have turned in the trial court is whether the plaintiff, in fact, released the defendants from their liabilities as indorsers. The finding of the single Justice on that question is supported by credible evidence and is conclusive upon this Court.

*Exceptions overruled.*