ALFRED A. LANGEVIN, ADMR., ESTATE OF EMMA B. LANGEVIN

*vs.*

PRUDENTIAL INSURANCE COMPANY.

Oxford.        Opinion, March 15, 1934.

*Albert Beliveau,* for plaintiff.
*Skelton* & *Mahon,* for defendant.

SITTING : PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J.   Exceptions by defendant, at trial by the Court, without jury, with all rights of exception reserved by both parties.

Suit was brought, after the death of the insured, by her legal representative, on an Industrial Policy, so-called, on the life of the insured, dated September 20, 1909, which provided, at issue, for payment, on the death of the insured, to either or any of persons named therein, of the sum of $330.00.

After the death of the insured, payment of the death claim was made to one entitled to receive it, by a Company check, endorsed as follows: "This check is in full payment of claim under policy or policies mentioned thereon, and the payee accepts it as such by endorsement below. No other receipt required." But, subsequent to the issue of the policy of insurance, that contract was materially changed, for the mutual benefit of the parties thereto, by attachment thereto or incorporation therein of a distinct and different agreement of insurance, expressing liability in another field, if the insured should find herself therein, in words as follows.

"If the Insured while this Policy is in full force and effect and while there is no default in the payment of premium shall sustain

a physical impairment such as specified below, total and permanent disability shall·be deemed to exist and the disability benefit hereinafter provided shall be granted immediately upon receipt of due proof of such impairment; in event of the loss by severance of one hand or one foot, an amount equal to one-half of the amount of insurance at the time of such loss shall be paid in cash; or in event of the loss by severance of two hands or two feet, or one hand and one foot, or the permanent loss of the sight of both eyes, an amount equal to the full amount of insurance at the time of such loss shall be paid in cash; and in either event no further premiums shall be required thereafter and the Policy shall be endorsed as fully paid up for the amount of insurance as specified in the Schedule above. The amount payable in cash under this provision on account of disability as herein defined shall in no event exceed an amount equal to ·the full amount of insurance under this Policy."

On the 25th of April, 1930, while the policy in every particular was in effect, and when there was "no default in the payment of premium," the insured suffered a stroke of apoplexy, and on May 1, 1930, became totally blind. She lived, without sight, until May 6, when she died.

If the insured, during her lifetime would have been entitled to sue for the disability benefit, the administrator of her estate is so entitled.

On argument two issues only were presented, (1) Whether the insured suffered disability for which she was entitled during her lifetime· to compensation under the policy, and (2) If she would have been entitled to compensation, whether recovery of compensation is barred by the settlement of the death benefit claim.

The bill of exceptions raises questions both of fact and of law.

The court below must have decided that the insured sustained a physical impairment, to wit: the permanent loss of the sight of both eyes, which was independent of and not incidental to dissolution. We find abundant evidence in the record to justify that decision, and in a case tried as this was, "the findings of facts by the Justice hearing the case, if there is any evidence to support them, are conclusive, and exceptions do not lie." *Chabot* v. *Richard Company*, 109 Me., 403, 84 A., 892.

So long as life continued in her the stricken one was totally blind. The number of days or years of such blindness is of small moment.

In an opinion construing the expression "continuous disability," in an insurance policy, the Court held the disability continuous, on testimony "that within 12 hours after the cutting of the finger the insured became sick, and that on the third day after his injury he took to his bed, which he never left." *Rorabaugh* v. *Great Eastern Cas. Co.*, 117 Wash., 7, 200 P., 587, 590.

On the second issue it is argued that because the impairment suffered was concomitant with other diseases which progressed to dissolution in six days after the appearance of total blindness there can be no recovery for loss of sight.

There are before us two contracts of insurance. The original contract called for a payment after the death of the insured: by the second contract the Company tendered to the insured, and the latter accepted, insurance as in the first contract, with additional insurance as indemnity for total and permanent disability, upon receipt of due proof of the permanent loss of the sight of both eyes.

This indemnity, according to the terms of the provision added to the original policy, shall be equal to the full amount of insurance at the time of such loss, and shall be paid in cash; and . . . "no further premiums shall be required thereafter and the policy shall be endorsed as fully paid up for the amount of insurance as specified in the schedule above."

It is to be noted there is no expression that the physical disability indemnity is to be in lieu of or in settlement of the death benefit. It is to be in "amount equal to the full amount of insurance."

And, again, the policy is not to be surrendered, the contract at an end. Rather, after payment of the indemnity for physical disability, "the policy shall be endorsed as fully paid up etc."

In common understanding when a death benefit policy is classed as "fully paid up," there remains nothing further for the insured to do under the contract of insurance.

It is argued that payment for permanent loss of sight, after payment of the death benefit is inconsistent; that the administrator would exact double liability. We find to the contrary.

"In case of ambiguity, or inconsistency, it is often said that the court will give the policy a construction most favorable to the assured, for the reason that as the insurer makes the policy and selects his own language he is presumed to have employed terms which express his real intention." *Dunning* v. *Accident Ass'n*, 99 Me., 390, 394, 59 A., 535.

The right of the estate of the insured or his beneficiary to collect is as expressed in the policy. From the insurer other benefits than the death benefit may flow, according to the terms of the contract.

Under the policy sued on, so far as we may glean from the excerpts submitted to us, if the insured had lived, deprived of sight, until the insurer or the Court had decided her blindness was total and permanent, she could have collected $320.00, and subsequent to her death the administrator of her estate could have collected the death benefit.

The interpretation urged by defendant can not be had from the wording of the contract. A contract justifying such interpretation is easily drafted, and may be elsewhere encountered, but not in this case.

No receipt given by another than this plaintiff bars recovery in this action, and the amount is to be $330.00 with interest from the date of death.

*Exceptions overruled.*