JOSEPH ELZEAR COTE, ET AL., APPELLANTS
IN RE ESTATE OF RAE CECILE COTE

JOSEPH ELZEAR COTE, ET AL., APPELLANTS
IN RE ESTATE OF JULIETTE MARY COTE

Penobscot.   Opinion, August 12, 1949.

*Stanley F. Needham,* for appellants.

*C. J. O'Leary,* for appellees.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, JJ.

MURCHIE, C. J.   Two Bills of Exceptions, in identical allegations of error, bring forward a single decree entered in the Supreme Court of Probate in these cases, dismissing appeals from two Probate Court decrees which dismissed petitions to reverse and annul decrees of adoption wherein Rae Cecile Cote and Juliette Mary Cote were adopted by Irving H. Cann and Anna E. Cann, and the surname "Cann" was substituted for that of "Cote."   The adoption decrees

are both dated October 28, 1947, and were entered on petitions dated October 27, 1947. The children were born out of wedlock to one Genevieve M. Cote on March 20, 1940 and March 20, 1939, respectively. She signed both petitions to indicate her consent to the adoptions, as R. S., 1944, Chap. 145, Sec. 36 requires. The decrees record that the Judge of Probate entering them was "satisfied," to use the statutory word, in each case, with reference to each and all of the requirements declared in R. S., 1944, Chap. 145, Sec. 37.

The decrees here under consideration are not the adoption decrees but decrees entered on petitions to annul them. The petitions are dated November 28, 1947. The grounds asserted as a basis for the annulment each seeks are that one of the petitioners, somewhat inartistically alleged to be the "father" of the children, had been providing for their support for six years at the time the adoption petitions were filed, and that the consents of the mother were obtained under duress. The appeals and reasons of appeal reassert those grounds, in somewhat amplified form, and add allegations that the mother had abandoned the children prior to signing the petitions, and that the adoptive parents, knowing said "father" would not consent to the adoptions, "wilfully and deceitfully" acted without either notice to or consent by him. The sole allegation of error in either Bill of Exceptions is that the finding in the Supreme Court of Probate, that the appellants had:

> "failed to sustain their burden of proving that the consent of the mother was not freely and voluntarily given,"

was not justified. The issue presented, as has been declared in numerous cases, is whether there is any credible evidence in a case to justify a particular finding. *Chabot & Richard Co.* v. *Chabot*, 109 Me. 403; 84 A. 892, and cases cited therein.

When the cases were argued the appellants relied not only on the error alleged in the exceptions, but also on an issue

not raised in either the Probate Court or the Supreme Court of Probate, namely, that the consent of the mother did not meet the requirements of Section 36 of the statute, cited *supra*, because she had abandoned the children long before it was given.

The exceptions might well be overruled without reference to these additional issues, on the ground that they were not presented in the Supreme Court of Probate, or could not have been raised there because not presented in the Probate Court, and not assigned as one of the reasons of appeal therefrom, or that the father of an illegitimate child has no standing in adoption proceedings. Neither the stipulation of the parties as to the paternity of the children nor the evidence which undoubtedly establishes that he whom they say is the "father" provided for their support during most, if not all, of their lives, can change the status of the children or vest him with any right of control over them. We cite no authority on these points because the exceptions must be overruled in any event on the merits of the issue they raise.

The record shows clearly that the factual decision challenged by the exceptions has support in credible evidence. The finding is conclusive, and exceptions do not lie. *Chabot & Richard Co.* v. *Chabot, supra.* There was a square conflict of the testimony between the mother and the adoptive mother of the children as to whether the consent of the former was given voluntarily, or under duress. Under such circumstances the question of credibility was for the trier of facts. *Parsons* v. *Huff*, 41 Me. 410; *Barrett* v. *Greenall*, 139 Me. 75; 27 A. (2nd) 599.

*Exceptions overruled.*