MURIEL E. DREW
*vs.*
ALTON T. MAXIM

Cumberland.    Opinion, December 6, 1954.

*Childs & McKinley,* for plaintiff.

*Clifford E. McGlauflin,* for defendant.

SITTING: WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, JJ., THAXTER, A.R.J. FELLOWS, C.J., and TAPLEY, J., did not sit.

WILLIAMSON, J.    On exceptions.    In this action between two licensed real estate agents the plaintiff seeks to recover for breach of an agreement for the equal division of commis-

sions. The case was heard by a Justice of the Superior Court without a jury and with reservation of the right to except as to matters of law. The justice in giving judgment for the plaintiff in the sum of $437.50, or one-half of the commission received by the defendant, made no specific findings of fact.

We briefly set forth significant facts which the justice could have found under the rule stated by Justice (later Chief Justice) Sturgis in *Sanfacon v. Gagnon,* 132 Me. 111, 113, 167 A. 695 (1933):

> "Inasmuch as the presiding Justice made no specific findings of fact, it must be assumed that he found for the defendants upon all issues of fact necessarily involved. *Chabot & Richard Co.* v. *Chabot,* 109 Me., 403, 405. He is the exclusive judge of the credibility of witnesses and the weight of evidence, and only when he finds facts without evidence or contrary to the only conclusion which may be drawn from the evidence is there any error of law. *Weeks* v. *Hickey,* 129 Me., 339; *Bond* v. *Bond,* 127 Me., 117, 129; *Pratt* v. *Dunham,* 127 Me., 1; *Ayer* v. *Harris,* 125 Me., 249; *Chabot & Richard Co.* v. *Chabot, supra.*"

In January 1952 "it was agreed that I (the plaintiff) would work for (the defendant) as a broker, or with him, and any sales I made, the commission would be split fifty-fifty, and out of that he paid the office expenses and advertising, telephone, and so forth." The plaintiff paid "just my transportation and incidentals."

At certain times in the office the plaintiff had the duty "to take the calls coming in on advertising and give the necessary information. . . ." A prospect file was maintained by the defendant. If the caller's name did not appear in the file, a card was prepared and the new prospect assigned exclusively to the plaintiff.

In April 1952, a new prospect talked with the plaintiff about the purchase of a house for her uncle. A card was pre-

pared and filed in the prospect file, showing the assignment of the prospect to the plaintiff.

In October 1953, on approaching the new prospect about a certain property recently listed, the plaintiff learned that the property was being purchased through defendant's office through another salesman. The defendant said to the plaintiff "there was nothing he would do about it," and "that he didn't feel he should take the sale away from another broker and give it to me."

The action for breach of contract followed. The defendant denied that under the arrangement with the plaintiff prospects were exclusively assigned to her. The issue of fact on this vital point was decided in favor of the plaintiff and there it must rest, under the rule in the *Sanfacon* case, *supra*.

FIRST AND SECOND EXCEPTIONS:

> "First.   That the alleged contract was a unilateral contract under which the plaintiff was under no obligation to do anything but under which if she became the procuring cause of the sale, she was to receive one-half of the commission so *earned*, but since she never even called the buyer's attention to the property purchased, never showed it to the purchaser, and had no part in the sale, she cannot legally recover a commission for her services.

> "Second.   That since a broker can never receive a commission on a sale in which he was not the procuring cause, the plaintiff cannot legally recover a commission for services which she did not render."

The defendant fails to consider that the court necessarily found that he had prevented the plaintiff from making the sale.

The statements of the defendant in the exceptions are sound, but not applicable. The plaintiff does not seek a com-

mission for a sale completed by her, but damages for breach of a contract under which so far as defendant was concerned she had an exclusive agency to make the sale. The exceptions are overruled.

THIRD EXCEPTION:

> "That the plaintiff's writ sets forth no facts from which it is possible for any court or jury to determine amount of commission, even had such commission been earned, and therefore she cannot legally recover, since proof without allegation is futile."

The declaration, in our view, is not defective. After setting forth an agreement with the defendant, the plaintiff avers:

> "she faithfully performed all of her obligations under said agreement and that the Defendant, unmindful and with disregard for the Plaintiff's rights under said agreement, did violate said agreement and that the Plaintiff became and was entitled to one half the commission earned on said sale of the Ernest Lewis residence at 54 Richardson Street in said Portland which said prospective buyer has purchased through the Defendant's office. All to the damage to the said Plaintiff in the sum of One thousand dollars ($1,000.)"

The statement about the commission is not, as defendant would have it, a claim that plaintiff *earned* the commission by a sale, but as we have before indicated, a claim that by interference plaintiff was *prevented* from making the sale and earning the agreed commission. The amount of the damages was a fact to be found by the court. It was not a fact to be alleged, other than in general terms.

There is no suggestion in the record that the plaintiff would have incurred expenses of any consequence had she made the sale. It follows that the commission of $437.50

was a proper measure of loss caused by the defendant. 25 C. J. S. 575, Damages, § 78; 15 Am. Jur. 445, Damages, § 45.

FOURTH EXCEPTION:

> "That the plaintiff never properly alleged or proved an exclusive agency, and stated no time limit. Had she done so, her remedy would have been a suit for damages for breach of contract, and not a suit for commission, and that therefore she cannot legally recover in this suit."

We are not concerned with contracts for the sale of real estate and the time limitations therein. This is neither more nor less than an agreement between two real estate agents to divide a commission. See 12 C. J. S. 176, Brokers, § 81; 9 C. J. 583, Brokers, §§ 82, 83. A real estate agent may, of course, employ sub-agents, or brokers, to sell real estate in his name, either with or without the exclusive assignment of prospective customers. The terms of the particular arrangement have been determined by the fact finder.

We have stated above our view that this is an action for damages for breach of contract and not a suit for a commission as such. Exception overruled. The entry will be

*Exceptions overruled.*