STATE OF MAINE

*vs.*

FLOSSIE AND LIONEL HARNDEN, APPLTS.

Oxford.    Opinion, June 30, 1958.

*George C. West, Frank W. Davis,* for State.

*William E. McCarthy,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, JJ. SIDDALL, J., did not sit.

DUBORD, J.    A complaint, under the provisions of Section 249, Chapter 25, R. S. 1954 was brought against the appellants in the Rumford Municipal Court on April 5, 1957, alleging that they had cruelly treated and willfully neglected a minor child belonging to the appellants. The case was heard in the aforesaid Municipal Court resulting in a decree committing the child to the Department of Health and Welfare. From this order an appeal to the Superior Court in and for the County of Oxford at the May 1957 Term was duly taken, under authority of Section 250, Chapter 25, R. S. 1954. At the aforesaid May Term, a hearing was held

before the sitting justice. The appellants were represented by counsel.

After a full hearing, the presiding justice of the Superior Court entered a decree to the effect that he found that the appellants, parents of the aforesaid minor child, had cruelly treated and willfully neglected the said minor child, and in accordance with the provisions of Section 249, Chapter 25, R. S. 1954, he ordered that the child be committed into the custody of the State Department of Health and Welfare. He further ordered the father of the child to pay to the State Department of Health and Welfare the sum of $10.00 per week towards the support of the child.

To this finding and decree, the appellants excepted and these exceptions are before us for our consideration.

The exceptions raise a question of law under the rule that "only when the justice finds facts without evidence or contrary to the only conclusion of law which may be drawn from the evidence is there any error of law." *Sanfacon* v. *Gagnon, et al.,* 132 Me. 111; 167 A. 695; *Northwestern Investment Co.* v. *Palmer et als.,* 113 Me. 395; 94 A. 481; *Dingley et al.* v. *Dostie,* 146 Me. 195, 196; 79 A. 2d. 169.

Through a long line of decisions, this Court has decided that in cases heard by a judge without the intervention of a jury, his findings of fact are conclusive, if supported by credible evidence. *Proctor, et al.* v. *Carey,* 142 Me. 226; 49 A. 2d. 323; *Bartley et al.* v. *Couture,* 143 Me. 69; 55 A. 2d. 438; *Dingley et al.* v. *Dostie, supra; Marie Paule D'Aoust, Applt.,* 146 Me. 443; 82 A. 2d. 409; *Ouelette* v. *Pageau, et al.,* 150 Me. 159, 167; 107 A. 2d. 500.

We have studied the rather extensive record with great care. We are of the opinion that there was sufficient evidence upon which the presiding justice could base his findings, that the child had been cruelly treated. We do not con-

sider it necessary nor advisable to cite any of the particular acts of cruelty of which the presiding justice could have found evidence in the record.

Section 249, Chapter 25, R. S. 1954 provides as follows:

"If, after hearing, it appears that *any material allegations of said complaint are true* (emphasis supplied) the court may order said child committed into the custody of the department - - -."

The appellants take nothing by their exceptions. The entry will be

*Exceptions overruled.*