Charles H. Leighton *vs.* Thomas J. Haynes.

*Trespass quare clausum—cost of survey taxable in.*

The prevailing plaintiff, in an action of trespass *quare clausum*, is entitled to have the reasonable costs of a survey made by order of court included in the taxation of his costs.

On report.

Trespass *quare clausum* on lot No. 10, R. 2, in Corinth.

The docket entry showed the appointment of a surveyor, and the issuing of a commission to him, but it did not appear upon whose motion the appointment was made.

The surveyor was sworn July 2, 1869, and finished his survey on or before Nov. 1, 1869, both parties having been present at the survey.

The question in controversy was one of lines. The action was referred, and the referees made their award in favor of the plaintiff. Upon the acceptance of the report of the referees by the court, the plaintiff claimed that the cost of the survey should be included in the taxation of his costs of court; but the defendant objected that the action at bar was a personal action, and that the cost of survey could not be taxed except in actions " where lands are demanded."

The case was reported to the full court for its adjudication upon the question of taxation.

*W. T. Hilliard & McCrillis*, for the plaintiff.

*L. Barker*, for the defendant.

BARROWS, J. We think the plaintiff is entitled to have the cost of the survey included in the taxation of his costs of court. It has always been the practice in the courts of this State and Massachusetts to appoint a surveyor to run lines and make plans of lands when such a measure was deemed useful in the trial of a cause pending before them, or necessary in order to ascertain the rights of the parties as to the matter in controversy. We deem the power to do so an incident to the general authority to hear and try the case, even without a special statute provision for it. It is in this respect like the power to order a view by the jury, or to compel the attendance of witnesses. Such a survey is frequently imperatively necessary to the intelligent determination of the rights of the parties in an action of trespass *quare clausum*. And when such a survey appears to have been important for the ready and proper elucidation of the case, we see no reason why the reasonable costs of making it should not be allowed to the party on whose motion it is made if he prevails, as well as the proper costs of procuring any other competent testimony.

The first statute recognition of this power in the court that we find in this State is in the R. S. of 1841, c. 115, § 112, and it seems to have been designed to authorize the sheriff to call out the *posse comitatus* to protect surveyors thus appointed in certain cases, not merely to confer upon the court the power of appointment, which existed, and was exercised, long before.   We believe it has been the practice to allow the costs of surveys thus made by the direction of the court ever since the separation of this State from Massachusetts, and the propriety of this practice was directly and distinctly affirmed in *Wesley* v. *Sargent*, 38 Maine, 315.   The position taken in argument, that there was an agreement of the parties upon which that decision was based, is not correct.   On the contrary, it appears that the allowance of the costs of the survey in that case was resisted, because " the survey was made upon the motion of the prevailing party, and at their pleasure and against the wishes of the plaintiffs ; " and the usual docket entry, where the appointment of a surveyor is resisted, was made, by which the court reserves the determination of the question of the allowance of the expense until the necessity for the survey has been demonstrated by the trial of the cause.          *Costs of the survey to be taxed.*

KENT, WALTON, DANFORTH, and TAPLEY, JJ., concurred.

The following opinion was submitted by

DICKERSON, J.   This is a question of costs.   The action was trespass *quare clausum.*   The defendant claimed title in himself, it being a question of lines.   A surveyor was appointed and commissioned by the court, and made a survey of the premises in the presence of both parties.   The action was referred, and an award rendered in favor of the plaintiff.   The plaintiff claims that the costs of the survey, as taxed by the surveyor, should be included in his costs of court.   The defendant objects that this is a personal action, and that the costs of survey cannot be legally taxed.

Section 46, c. 104, R. S., provides that " the court may appoint a surveyor to run lines and make plans of lands demanded in a real or mixed action on motion of either party."

The defendant having pleaded title in himself, the rights of the parties to the suit depend upon the title to the land described in the writ. There is the same necessity for "running lines and making plans," as there is in a writ of entry, when a question of lines arises. Accordingly, it has been the practice of the court in this State to appoint a surveyor in actions of trespass *quare clausum*, and trespass *de bonis asportatis*, when the rights of the parties depend upon the establishment of certain boundaries or lines, if such a measure is deemed useful in the trial of the cause, as well as in writs of entry.

In *Inhabitants of Wesley* v. *Sargent*, 38 Maine, 324, the action was trespass to recover the value of a lot of mill-logs, alleged to have been cut within the corporate limits of the town of Wesley, and the defendants admitted their liability, if the logs were cut in Wesley. The question involved the true northerly line of a certain township. A surveyor was appointed, and a nonsuit was ordered by the court. A question having arisen as to the taxation of the costs of the survey, at *nisi prius*, Cutting, J., ordered that the whole expense of the survey should be borne by the plaintiffs, and the law court sustained this ruling.

For certain purposes, other actions than actions of ejectment, or writs of entry, are regarded as real actions when the title to real estate is in issue. An action of trespass *de bonis asportatis* has been held "a real action" within the meaning of the Massachusetts statute, allowing appeals in real actions from the court of common pleas to the supreme court. *Blood* v. *Kemp*, 4 Pick. 169. So, also, is the action *quare clausum fregit* a real action for such purpose. *Davis* v. *Mason*, 4 Pick. 158.

To restrict the authority of the court, in the appointment of a surveyor, to actions where land only, or land and something else are demanded, would be to give the statute a different construction from that which it has heretofore received, and to deprive the court, in a large class of cases, of an important instrumentality indicating the truth, and determining the rights of the parties. We think that the legislature intended by the terms "a real or mixed ac-

tion," to comprehend the action of trespass *quare clausum*, so far as regards the authority to the court to appoint a surveyor, at least where the title to the land is in issue.

Though the docket does not show upon whose motion the surveyor was appointed, the appointment will be presumed to have been made according to the statute. The conclusion is, that the plaintiff is entitled to have the cost of the survey included in the taxation of his costs of court.

APPLETON, C. J., concurred.