STANLEY LONDON *vs.* FRED L. SMART.

Aroostook.      Opinion October 24, 1928.

*A. S. Crawford, Jr.,* for plaintiff.
*Archibalds, Ransford W. Shaw,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PAT-
TANGALL, JJ.

PHILBROOK, J.   This is an action on the case in which the plaintiff charges the defendant, in the first count, with alienation of the affections of his wife; the second count alleges criminal conversation. The plaintiff recovered a verdict of $5,000 and the case is before this court on defendant's motion to set aside the verdict upon the general grounds that the verdict is against law and evidence and that the damages are excessive; and also motion to set aside the verdict on the grounds of newly discovered evidence. There are no exceptions.

The testimony offered before the jury would perhaps fall short of proving the second count satisfactorily but there is evidence which, if believed by the jury, who saw the witnesses and heard them testify, would satisfy a general verdict for the plaintiff. Where there are two or more counts in the declaration it is not necessary that the evidence should support all the counts for if the evidence is sufficient to support one good count a general verdict will stand. *West* v. *Platt*, 127 Mass., 367.

The credibility of witnesses and the weight to be given to their testimony is particularly within the province of the jury and we should not set their finding aside unless manifest error is shown or unless it appears that the verdict was the result of bias or prejudice, *Hatch* v. *Dutch*, 113 Maine, 405.

More than a hundred years ago the court of highest authority in this country held that upon a motion for a new trial after verdict the whole evidence is to be examined with minute care, and the inferences which the jury might properly draw from it are adopted by the court. If therefore upon the whole case justice has been done between the parties and the verdict is substantially right no new trial will be granted although there may have been some mistakes committed in the trial. The granting of a new trial is not a matter of absolute right in the party but rests in the judgment of the court and is to be granted only when it is in furtherance of substantial justice, *M'Lannahan* v. *Universal Insurance Company*, 1 Peters, 170. This is still the law of the land.

In support of the motion for a new trial on the ground of newly discovered evidence the defendant offers the testimony of only two persons. The first is that of Ethel L. Mooers. She is a cousin of the plaintiff's wife who was the chief witness for the defendant, and

Mrs. London had a room at the house of Mrs. Mooers during the summer preceding the date of the trial. No good reason appears why she could not have been obtained as a witness at the first trial by the exercise of due diligence and at best her testimony is only in contradiction of that of the plaintiff upon an issue which is not vital, or in other words affecting only the credibility of the plaintiff.

The other witness is Walter F. Mott who was manager of a hotel in Houlton and was so acting at the date of the trial. Here again his testimony, taken at its best, simply went to the credibility of the plaintiff's testimony.

Applications for new trials on the ground of newly discovered evidence, not being favored by the courts, should always be subjected to the closest scrutiny and the burden is upon the applicant to rebut the presumption that the verdict is correct and to prove that he used due diligence. 20 R. C. L., 290.

In order to warrant the granting of a new trial on the ground of newly discovered evidence five things must appear: (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; (5) that it is not merely cumulative or impeaching. 20 R. C. L., 290.

If from the nature of the evidence that the moving party seeks to rely upon, as disclosed by the motion and affidavits, it is apparent no purpose can be served other than the impeachment of the testimony of an adversary, or of witnesses of the adverse party, a new trial should not be granted unless the testimony of the witness sought to be impeached was so important to the issue, and the evidence impeaching the witness so strong and convincing that a different result must necessarily follow. 20 R. C. L., 294.

Newly discovered evidence which only goes to impeach the credibility or character of a witness is not sufficient ground for a new trial unless it is clear that such impeachment would have resulted in a different verdict. *Beals* v. *Cone*, 27 Colo., 473; 62 Pac., 948; 83 A. S. R., 92.

Upon the question of damages we only quote from *Audibert* v. *Michaud*, 119 Maine, 295, "It was for them (the jury) to say how

much the plaintiff should recover for a stolen wife and a broken home."

*Both motions overruled.*