KENNETH A. HUNTER
*vs.*
FRANK H. TOTMAN

Aroostook.   Opinion, January 12, 1956.

*Roberts & Bernstein,* for plaintiff.
*James P. Archibald,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, CLARKE, JJ.

WEBBER, J.   This was an action to recover the balance claimed to be due arising out of the sale of potatoes. The case is before us on defendant's exceptions to the admission of evidence and to the refusal of the presiding justice to direct a verdict for the defendant. The case has twice been tried and on each occasion an Aroostook County jury has found for the plaintiff.

The plaintiff was a potato grower and the defendant a potato buyer. Plaintiff had a large quantity of potatoes in storage which he offered to sell to defendant. They went to-

gether and made such examination of the potatoes as was possible under the conditions of storage. They then had a conversation in the presence of the plaintiff's wife who kept the plaintiff's records. It is not disputed that the terms of sale were agreed upon during that conversation, but the parties are not in accord as to what those terms were. The version offered by plaintiff and his wife is that defendant was to buy all the potatoes, the exact quantity being unknown; that when the defendant inquired as to quantity for the purpose of establishing a contract price, the plaintiff's wife gave him the amount of the "pickers' count" and also the "truckers' count," there being a difference between the two counts of only a few barrels; that the parties then agreed upon the quantity involved, the defendant stating that "he would take the pickers' count"; that this count was 14,344 barrels; that a price of $4.00 per barrel was agreed upon. Upon this version, therefore, a quantity was accepted and agreed upon and by simple mathematical computation a lump sum price for all the potatoes was established at $57,376. Admittedly, if this was the agreed price, a balance remains unpaid. On the other hand the defendant's version is that he agreed to buy all the potatoes at a unit price of $4.00 per barrel and that the figure of 14,344 barrels was used merely as an estimate of quantity; that the potatoes proved to be short of that amount, and that all the potatoes which were actually available and taken from storage have been paid for. There was substantial credible evidence in support of both versions of the contractual agreement, and the issue was clearly one of fact for the jury. It was entirely proper for the presiding justice to refuse to direct a verdict for the defendant.

The plaintiff's wife was permitted over objection to use her record book to refresh her recollection as to the "pickers' count." In *Hunter* v. *Totman*, 146 Me. 259, we reviewed the first trial of this same case. In the course of the first trial

the notebook or record book was *itself* admitted as evidence of the quantity of potatoes in the storage house at the time of sale. In sustaining the defendant's exception, we held that the entries could not fairly be considered as an "account" and the book was not admissible. Upon the second trial, now before us, the defendant contends that the witness cannot be permitted to do by indirection that which cannot be done directly. The situation, however, is not the same. The witness is not here seeking to testify as to quantity in storage of which admittedly she has no personal knowledge. Nor is she seeking to testify as to the quantity of potatoes actually picked, as to which she has only hearsay knowledge. She is giving evidence only as to the "pickers' count," a composite of the reports to her from the pickers and on which she computed and based their pay. That evidence becomes material in view of the plaintiff's contention that the "pickers' count," regardless of its strict accuracy, was accepted and adopted by the parties in their contract as the basis for computing an agreed lump sum price. It was proper for the witness to use her own notes and records to refresh her recollection as to a material fact as to which she had personal knowledge. Defendant takes nothing by this exception.

The entry will be

*Exceptions overruled.*