FRED P. RAY
*vs.*
WILLIAM E. LYFORD

Penobscot. Opinion, April 14, 1958.

*Gerald E. Rudman,* for plaintiff.

*Matthew Williams,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, JJ. BELIVEAU, J., sat at argument but retired before the opinion was adopted.

WILLIAMSON, C. J. On exceptions by the defendant. This case was heard by the presiding justice at a term of the Superior Court by agreement without a jury. R. S., Chap. 106, Sec. 17. The docket does not show a reservation of the right to except as to matters of law, and so ordinarily the case could not be brought forward. The defendant, however, is saved by operation of the rule stated by Chief Justice Fellows in *Ouellette & Ouellette* v. *Pageau, et al.,* 150 Me. 159, 163, 107 A. (2nd) 500, which reads:

> "It is, therefore, the rule of practice in Maine that where a cause is tried by a presiding justice without the intervention of a jury, in accordance with statute, exceptions to the judge's rulings in matters of law do not lie, unless there has been an express reservation of the right to except."
> \* \* \* \* \* \* \* \* \* \*
> "If the judge, however, signs the bill of exceptions, the certification that exceptions are allowed is conclusive, provided there is nothing in the bill of exceptions itself or in the certificate of the judge to show the contrary."

The defendant objects in his exceptions to three material findings of fact by the presiding justice. There is no dispute about the applicable principle of law. There is no error of law if the finding is supported by any credible evidence. *Everett* v. *Rand,* 152 Me. 405, 131 A. (2nd) 205. *Consumers Fuel Co.* v. *Parmenter,* 151 Me. 83, 116 A. (2nd) 138; *Green Acre Baha'i Institute* v. *Eliot,* 150 Me. 350, 110 A. (2nd) 581.

The controversy arises from transactions between the parties with respect to potatoes grown by the defendant in 1954 and 1955. The plaintiff seeks to recover a balance due on "seconds" included in the 1955 crop sold by the defendant to the plaintiff, and now resold by him to the defendant. On his part the defendant in setoff claims a balance due under a contract for the purchase of "commercials" and "seconds" grown by him in 1954.

The decisive issue in our view is found in the claim for a balance due on 1954 "commercials," which for convenience we will first discuss.

## FIRST EXCEPTION

The defendant objects to the finding by the presiding justice "That on or about April 2nd, 1955 plaintiff purchased Kennebec potatoes from the defendant. These potatoes were so-called commercial grade and were paid for in full by plaintiff as they were delivered."

In April 1955, the parties made an oral agreement for the purchase and sale of an estimated three thousand barrels of "commercials" of the 1954 crop in defendant's potato house. The plaintiff made a deposit of $500 thereon, and paid the agreed price per barrel as he took them. The dispute comes from the fact that the plaintiff did not take or pay for all of the commercials properly racked.

The defendant contends that the evidence conclusively points, and points only, to a firm contract of sale, and with this view of the record we agree. Indeed, the plaintiff (the buyer) testified:

> Q What was the initial agreement that you had with (the defendant) in the 1954 crop, the one with the water damage to it?
> A I think he says he had approximately around 3,000 barrels.
>
> Q And of those 3,000, how many did you agree to take?
> A Whatever they racked out."

We find nothing in the record to destroy the force of the plaintiff's own understanding of the transaction.

In our view, therefore, the finding of the presiding justice does not meet the test of the law. The exception must be sustained.

## SECOND EXCEPTION

The objection to the finding of fact that the proposed sale of a thousand barrels of so-called "seconds" or "pickouts" "discussed on that same occasion (April 1955) never progressed beyond the negotiation stage and that no contract existed by which the plaintiff was to purchase the thousand barrels of seconds."

In view of the decision on the first exception and the necessity of a new trial with a different record, it will serve no useful purpose to discuss this exception at length. It is sufficient to say that the evidence of an agreement to purchase and sell an estimated 1,000 barrels of "seconds" of the 1954 crop in the defendant's potato house was conflicting. The defendant says that the plaintiff agreed to purchase the "seconds" at $1.00 a barrel. The plaintiff testified in substance that the defendant raised the price to $1.00 a bag, or an equivalent of $1.50 a barrel, and at this point negotiations ended.

In short, the evidence is conflicting on the vital point of whether the parties entered into a contract relating to the "seconds." Hence under the rule, the finding stands and the second exception is overruled.

## THIRD EXCEPTION

We turn from the setoff to plaintiff's action against the defendant to recover a balance due for "seconds" from the 1955 crop resold by the plaintiff to the defendant. The objection is to the finding of the presiding justice "that on or about April 28, 1956, the plaintiff sold the defendant 800 bags (barrels) of potatoes at an agreed price of $2 a bag (barrel), which sum has not been paid by the defendant to the plaintiff."

Admittedly the defendant owed the plaintiff something on this account. The quantity of "seconds," and that alone,

was in dispute. As in the second exception, it is unnecessary to review the record in detail. The evidence is conflicting. It is sufficient under the Rule to uphold the finding. The third exception is overruled.

The presiding justice found for the plaintiff in the amount of $1,282.50. We are not here concerned with items totaling $317.50 on which the presiding justice found for the defendant in setoff against the $1,600 due the plaintiff for the 1955 "seconds."

The entry will be

*Exceptions sustained.*