WILLIAM F. HARRIMAN
*vs.*
EVERETT W. SPAULDING

Cumberland. Opinion, October 21, 1960.

*Berman, Berman, Wernick & Flaherty,*
  By *Thomas F. Monaghan,* for plaintiff.

*Charles W. Smith,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J. This case is before us by way of an appeal under the provisions of Rule 73 of the Maine Rules of Civil Procedure.

The cause is an action to recover for damages to personal property, arising out of an automobile accident. Both parties were proceeding in a northerly direction on a public highway leading from Kennebunk to Biddeford, in the County of York. The defendant was operating a truck loaded with junk. The plaintiff was operating a passenger vehicle and proceeding behind the defendant. The plaintiff contended that after sounding his horn, he attempted to overtake and pass the defendant in the lane to the left of the defendant; and that as he came abreast of the defendant, the latter without any indication as to his intention propelled his car sharply to his left, bringing about a collision between the two vehicles.

The case was heard by a single justice without the intervention of a jury and after listening to the evidence, a finding in favor of the plaintiff was entered.

The defendant advances two grounds as a basis for his appeal. First, he says that the plaintiff was guilty of contributory negligence and second that the findings of the trial court were clearly erroneous.

An examination of the record indicates numerous contradictions of fact. Plaintiff testified that the defendant appeared upon the highway from the right or easterly side of the highway and that just prior to the collision, was operat-

ing his truck in the extreme easterly lane of a four lane highway; and that the accident occurred in the third lane which would be the one to the left of the lane in which the defendant was driving before he made the turn which resulted in the collision.

The defendant, on the other hand, says that he had reached the highway from the westerly side where he had had his load of junk weighed upon certain available scales, and that he had returned to the highway with the intention of leaving it for the westerly side within about one hundred yards, for the purpose of delivering his load of junk. He says he was driving in the middle lane of a three lane highway.

The defendant contended that he had his directional lights on indicating his intention of making a left turn. This the plaintiff denied.

It is rather strange that there should be an unresolved conflict of evidence as to whether the parties to the action were operating their vehicles on a three lane or a four lane highway. It seems as if this point should have been one subject to agreement or stipulation, or at least definite proof. Failure of the parties to adduce this proof leaves much to be desired.

In any event, whether the highway had three lanes or four lanes is not important in the instant case. It is clear that the collision occurred in the lane next left to that in which the defendant had been driving before the collision occurred.

In support of his contention that the plaintiff was guilty of contributory negligence, defendant invokes subsection II, Section 114, Chapter 22, R. S., 1954, which reads as follows:

"II. Upon a roadway which is divided into 3 lanes a vehicle shall not be driven in the center lane except when overtaking and passing another vehicle where the roadway is clearly visible and such center lane is clear of traffic within a safe distance, or in preparation for a left turn or where such center lane is at the time allocated exclusively to traffic moving in the direction the vehicle is proceeding and is signposted to give notice of such allocation."

The defendant argues that an accident occurring in the lane to the left of the center lane of a three lane highway spells negligence on the part of the motor vehicle operator who passes, or attempts to pass, in such a lane. With this contention we cannot agree. Assuming that there is no oncoming traffic in the left lane, we cannot say as a matter of law that a driver who passes, or attempts to pass, a motor vehicle which is in the center lane is guilty of negligence. There is no evidence in this case that there was any oncoming traffic in the lane in which the accident occurred.

Moreover, subsection I, of the same section of the statutes provides that "a vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." There was evidence to substantiate a finding that the defendant violated this section.

Rule 52 (a), Maine Rules of Civil Procedure, is the one which relates to findings by the court in actions tried upon facts without a jury. This rule reads in part as follows:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

Previous to the promulgation of the rule, our records are replete with decisions to the effect that findings of fact of a

single justice are final and binding if supported by any credible evidence; and that the justice is the exclusive judge of the credibility of the witnesses and the weight of the evidence; and that only when he finds facts without evidence or contrary to the only conclusion which may be drawn from such evidence is there any error of law.

The new rule undoubtedly embodies the standard set forth in this long line of decisions, which standard was formulated by the court in various ways, as for example: *Ray* v. *Lyford,* 153 Me. 408, 140 A. (2nd) 749 (no error if supported by "any credible evidence") ; *Ayer* v. *Railway Company,* 131 Me. 381, 163 A. 270 (findings final "so long as they find support in the evidence") ; *Chabot & Richard Company* v. *Chabot,* 109 Me. 403, 84 A. 892 (findings final "if there is any evidence to support them").

As is pointed out in the Commentary, Section 52.7 Maine Civil Practice, Field & McKusick, this rule is intended to apply the same test as applied in the past to findings of a single justice sitting in law or equity or in the Supreme Court of Probate. However, the new rule does spell out in definite and positive language the applicable standard.

As to the "clearly erroneous" test, this court said in *Flagg* v. *Davis,* 147 Me. 71, 75, 83 A. (2nd) 319:

> "Sitting as an appellate court, we are very conscious of the principle which requires no further citation of authorities that the decision of any fact by the court below should not be overruled by the appellate court unless the appellate court is clearly convinced of its incorrectness, the burden being on the appealing party to prove the error, one of the main reasons for support of that principle being that one who sees and hears the witnesses is in a more favorable position to better judge of their credibility than others who merely review the printed testimony, * * *."

As previously pointed out there was a definite conflict of evidence for the consideration of the presiding justice. The plaintiff said that he blew his horn to warn the defendant of his intention to pass. This the defendant denied. The defendant said that he indicated his intention to turn to the left by way of his directional light. This the plaintiff denied. The defendant admitted in direct examination that he did not see nor hear the plaintiff's car. There was sufficient evidence upon which the presiding justice could find that he was negligent. Moreover, the evidence also sustains a finding of lack of contributory negligence on the part of the plaintiff. See *Verrill* v. *Harrington,* 131 Me. 390, 163 A. 266.

Although the justice made no specific findings of fact, it must be assumed that he found for the plaintiff upon all issues of fact necessarily involved. *Sanfacon* v. *Gagnon,* 132 Me. 111, 167 A. 695; *Everett* v. *Rand,* 152 Me. 405, 131 A. (2nd) 205.

Bearing in mind the admonition of the rule that this court must give due regard to the opportunity of the presiding justice to judge of the credibility of the witnesses, after a careful study of the record, we are of the opinion that the defendant has not sustained the burden of convincing us that the finding, both as to liability on the part of the defendant and freedom from negligence on the part of the plaintiff, is clearly erroneous.

*Appeal denied.*