PATRICK L. RODRIGUE, ET AL.
*vs.*
LEVENIE LETENDRE, ET AL.

Kennebec.   Opinion, October 22, 1962.

*Richard B. Sanborn*, for the Plaintiff.

*F. Boardman Fish, Jr.*, for the Defendant.

*Thomas F. Monaghan,* for the Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J. Plaintiffs by complaint sought injunctive relief against defendants for obstruction of a right of way claimed by plaintiffs. Defendants by counterclaim likewise sought injunctive relief against plaintiffs based upon alleged encroachment of plaintiffs' building on land of defendants. Pursuant to M. R. C. P. Rule 39 (c) the justice below submitted issues of fact to a jury for special findings and adopted these findings in ordering judgment for plaintiffs. Defendants have appealed from the final judgment and from the denial of a motion for a new trial based upon alleged newly discovered evidence.

The attorneys who now prosecute this appeal were not of counsel either when the case was tried below or when appeal was initiated. Special leave was granted by the Law Court upon their petition to perfect and prosecute this appeal because of exceptional circumstances and to prevent any possible injustice. Of the several points of appeal asserted, only two are pressed and require consideration here. 1. Did the justice below err in excluding from evidence an exhibit marked for identification Defendants' Exhibit #2? 2. Did the justice below properly deny the motion for a new trial based upon a claim of newly discovered evidence?

As to the first issue, the defendants are precluded from asserting error since the excluded exhibit was not made a part of the record before us on appeal. With reference to certain exhibits said to have been improperly excluded, we said in *Richardson* v. *Lalumiere,* 134 Me. 224 at 225: "The exceptions, however, are not accompanied by the books in question, nor are the entries claimed to be admissible made a part of the record. The court cannot determine their admissibility without knowing what they are." So here

not only is the exhibit itself lacking but the record contains no offer of proof as to the nature of any notations or entries made therein. "A party excepting to the exclusion of evidence always has the burden of showing affirmatively that the exclusion was prejudicial to him. What the record of the certificate would have shown does not appear. * * * It might, on inspection, show very differently than the recital of the bill implies. About that, on this record, no one can tell, 'and no one has a right to guess.' " *Gross* v. *Martin,* 128 Me. 445, 446. The defendants seem to assert in argument that the exhibit was an "account book" kept by a witness in the regular course of business and therefore admissible as an exception to the hearsay rule under the provisions of R. S., Chap. 113, Sec. 133 (The Shopbook Rule). If such were the case the record shows no proper basis established for its admission by examination of the witness who prepared it. The justice below seems to have regarded the exhibit as no more than a memorandum kept for the convenience of the witness since he permitted the witness to testify as of her own knowledge using the exhibit to refresh her recollection. The exhibit was before him for observation and examination. If it was merely a memorandum, then under the circumstances of this case and for the purpose for which it was offered, it was properly excluded. *Richardson* v. *Lalumiere, supra; Hunter* v. *Totman,* 146 Me. 259, 265; *Ouelette & Ouelette* v. *Pageau, et al.,* 150 Me. 159, 164; cf. *Hunter* v. *Totman,* 151 Me. 365, 366. It is unnecessary here to consider other arguments advanced by the plaintiffs in support of the exclusion. Defendants show no error and no prejudice.

The motion for a new trial based upon a claim of newly discovered evidence was denied by the justice below on the ground that all the evidence alleged to have been first discovered after the completion of the trial "could have been obtained before and at the time of trial by the exercise of reasonable diligence." The applicable rules were fully set

forth in *Harrison, Pro Ami* v. *Wells*, 151 Me. 75 at 81. "The law and rules of practice relating to a new trial for alleged newly discovered evidence are well established. Five things must appear (1) that the new evidence is such that it will probably change the result upon a new trial, (2) that it has been discovered since the trial, (3) that it could not have been discovered before the trial by the exercise of due diligence, (4) that it is material to the issue and (5) that it is not merely cumulative or impeaching. Applications for new trials on the ground of newly discovered evidence are not favored by the courts. Proof must be convincing. * * * It was early held in Maine, and consistently followed, that where there is a motion for new trial on ground of newly discovered evidence there 'must be an end to litigation' and 'the evidence must be very strong.'" In *Kimball* v. *Clark*, 133 Me. 263 at 267 it was stated: "The law holds parties to the exercise of due diligence in the preparation of their cases, and public welfare as well as the interest of litigants requires that suitors should prepare their cases with reference to all the probable contingencies of the trial." In the instant case one of the two defendants was in the military service and outside the continental United States. His mother, the co-defendant, admittedly served as his agent in connection with the real estate owned by him and involved in this litigation. Moreover, he was represented by counsel who appeared and tried the case. Both the agent and the attorney were in communication with him. Pleadings were filed on his behalf. No request was made of the court for continuance on the ground of his absence in the military service. Admittedly, all of the alleged newly discovered evidence was known to the defendant owner before trial and was "newly discovered" only in the sense that it was not made known by the party to his agent and to his attorney before trial. The affidavits from several potential witnesses filed in support of the motion disclose that all lived within a radius of five miles from the place of trial.

Upon analysis we do not appear to be presented with a question of "newly discovered evidence" in its proper sense, but only with a failure of preparation "with reference to all the probable contingencies of the trial." In addition to the foregoing considerations, we must express some doubt as to whether the additional evidence "would probably change the result upon a new trial." Upon a conflict of testimony the evidence of two disinterested witnesses *presented by the defendants* seems to have been accepted and believed by the jury and the court in reaching a verdict and judgment favorable to the plaintiffs. We can discover no error in the ruling of the court denying a new trial.

*Appeal denied.*