**Chester A. BOYNTON**

v.

**Lee F. ADAMS and Wahego Enterprises, Inc.**

Supreme Judicial Court of Maine.

Jan. 23, 1975.

Cleveland A. Page, Wiscasset, for plaintiff.

Nissen & Westcott by Michael N. Westcott, Damariscotta, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

DUFRESNE, Chief Justice.

By complaint dated March 9, 1972 the plaintiff sought to establish title to, and recover possession of, certain premises

situated in the Town of Jefferson, in the County of Lincoln, praying in addition thereto for money damages on account of waste.[1]

The plaintiff and corporate defendant are abutting property owners disputing the location of their respective southerly and northerly divisional line. The plaintiff claims title to the area in controversy by virtue of deeds from the Town of Jefferson and from Louise Tibbetts and Barbara Sproul. He testified that the parcel conveyed by these deeds was known as the "Christopher Erskine lot." The corporate defendant, on the other hand, bases its title to the land in question upon the deed of Chester Chase to it of the so-called "Amasa Ford lot."

At hearing before a Justice of the Superior Court without jury, the reference deeds were introduced into evidence and they contain descriptions of the parcels of land conveyed in terms of metes and bounds, plus references to bordering lots. The testimonial evidence presented by both parties sought to throw light on the location of these reference lots upon the face of the earth.

On July 25, 1973 the Justice below, without extended opinion, found that the plaintiff "failed to sustain his burden of proof upon essentials of his complaint." The plaintiff appeals from the ensuing judgment, raising in his points of appeal alleged error in the denial of certain motions and in the ultimate decision on the issue before the Court. We deny the appeal.

## I MOTIONS

At the outset we consider the propriety of the denial by the trial Court of motions made by the plaintiff for (a) a new trial, (b) relief from judgment and (c) appointment of a surveyor. These motions, accompanied by affidavit of counsel, were filed on June 26, 1973 and heard on the following seventeenth of July, some eight days before the Court's decision.

The denial of the motion for the appointment of a surveyor was proper as an exercise of judicial discretion. Section 6851, Title 14, M.R.S.A. provides that "the court *may* appoint a surveyor to run lines and make plans of lands demanded in a real or mixed action, or in an action in which the title to land is involved, as shown by the pleadings filed, on motion of either party."

■ The word "may", when used in a statute, is generally intended to be permissive, discretionary, and not mandatory, subject to the overriding principle that legislative intent must control. Collins v. State, 1965, 161 Me. 445, 213 A.2d 835.

■ In construing a statute as being mandatory or directory the purposes of the statute as well as the language must be considered. Hann v. Merrill, 1973, Me., 305 A.2d 545, 549.

■ The power to appoint a surveyor to run lines and make plans of lands was said to be an incident to the general authority of courts to hear and try the case, even without the reference special statutory provision. Leighton v. Haynes, 1870, 58 Me. 408. As our Court then said, such a survey is frequently imperatively necessary to the intelligent determination of the rights of the parties and may be useful in the trial of the cause.

It may be that the practice of appointing a surveyor on motion may have been prevalent in the past. However, since under 14 M.R.S.A., § 6852 the court is authorized to fix and determine the amount of the fees and necessary expenses of the surveyor and, in connection with such determination,

---

1. The defendant, Lee F. Adams, whose actions in relation to the property in dispute were undertaken as agent for the other defendant, Wahego Enterprises, Inc., disclaimed in his answer any right or title to the premises, thus defeating that phase of this real action against him. M.R.C.P., Rule 80A(d).

is empowered to order the same paid, in whole or in part, by the county and/or either or both of the parties, if the court is *of the opinion* that such fees and expenses *ought to be paid* by the county and/or either or both of the parties, it seems to us that the Legislature intended the exercise of judicial discretion, not only in relation to the approval of the surveyor's fees and expenses, but also in the appointment itself. It is unrealistic to conceive the Legislature mandating the possible expenditure of county moneys at the urging of either party to a private suit, when the court itself found no need for the use of a surveyor as an aid in the solution of a pending controversy.

■■ We hold that the appointment of a surveyor pursuant to 14 M.R.S.A. § 6851 is discretionary and that in the context of the instant case no abuse of discretion was shown. Indeed, both parties submitted the results of surveys which illustrated their respective claims and no further action in this regard appears to have been necessary.

■ The motion for a new trial [2] was based upon allegations of misrepresentation of material facts allegedly made by Chester Chase, defendant's predecessor in title, in his testimony at trial, and asserted that proof of said misrepresentation would materially affect the weight of the evidence and change the outcome of the case. The affidavit in support of the motion listed as "new" evidence the preposed testimony of three persons who were not called upon to testify in the case, but whose testimony, if received, would dispute, it is claimed, statements made by Mr. Chase as a witness for the defendant.

■ The affidavit is glaringly silent as to the reason why the conflicting testimony of the three witnesses was not offered at trial. The absence of any explanation for the failure to produce evidence at the time of trial is enough to justify the denial of such a motion. Kirby v. United States, 1961, 5 Cir., 297 F.2d 466.

The burden placed upon a party seeking relief on grounds of newly discovered evidence, which the present motion factually calls for, is a heavy one. As stated in Harrison, Pro Ami v. Wells, 1955, 151 Me. 75, 81, 116 A.2d 134, 137:

> "Five things must appear (1) that the new evidence is such that it will probably change the result upon a new trial, (2) that it has been discovered since the trial, (3) that it could not have been discovered before the trial by the exercise of due diligence, (4) that it is material to the issue and (5) that it is not merely cumulative or impeaching. Applications for new trials on the ground of newly discovered evidence are not favored by the courts. Proof must be convincing."

See also, Rodrigue v. Letendre, 1962, 158 Me. 375, 184 A.2d 777; State v. Terroni, 1970, Me., 270 A.2d 75; 2 Field, McKusick, Wroth (2d Edition 1970), Maine Civil Practice, § 59.2 at pp. 60–61.

The supportive affidavit discloses on its face that the motion for a new trial was properly denied. In the first place, the plaintiff by his motion seeks to introduce the testimony of two persons who, by reason of their cutting timber in the area between 1915 and 1920, it is asserted, are particularly familiar with the lots involved in the instant proceeding. Whatever may

---

**2.** The motion for relief from judgment was properly denied as obviously premature, having been filed prior to the entry of judgment. See, Indemnity Ins. Co. of North America v. Reisley, 1946, 2 Cir., 153 F.2d 296, cert. denied, 328 U.S. 857, 66 S.Ct. 1349, 90 L.Ed. 1629. We, therefore, consider only the motion for a new trial in which the identical issues are raised.

While the motion for a new trial was also filed before the actual judgment was entered, such procedure is permissible. Partridge v. Presley, 1951, 88 U.S.App.D.C. 298, 189 F.2d 645; McCulloch Motors Corp. v. Oregon Saw Chain Corp., 1965, S.D.Cal., 245 F.Supp. 851. The record does not specifically indicate a denial of the motion, but the entry of judgment after the filing of such motion can be taken to be a sufficient denial. Mosier v. Federal Reserve Bank of New York, 1942, 2 Cir., 132 F.2d 710.

be their testimony, if admissible, it would merely be cumulative of much of the evidence already presented. The evidence at trial, for the most part, consisted of bald assertions of title and vague recollections of the location of boundary lines and monuments. We believe that further parole recollections respecting the lots in question would be unlikely to affect materially the evidentiary balance in the plaintiff's favor.

While the plaintiff, in the second place, grounds his motion for a new trial in terms of testimonial misrepresentation on the part of one of the defendant's witnesses, it is clear from the affidavit that the plaintiff is merely seeking an opportunity to present "new" evidence of an impeaching nature.

The thrust of the "new" evidence offered to prove misrepresentation on the part of Mr. Chase would appear directed at the following portion of the record:

"Q. Okay, and what did Mr. Thompson indicate to you was the north line of the Amasa Ford lot?

"A. The same markers as the others, at a monument here (pointing), on the pond at the northeast corner on the pond, by the pond, and then in a westerly direction to that stake—"

 The plaintiff's affidavit suggests that Mr. Thompson, referred to in the testimony of Mr. Chase, if called as a witness, would testify that he did not know the location of the north boundary of the lot in question. Such testimony could not change the result in this action. The presiding Justice found for the defendant on the basis that the plaintiff failed to meet his burden of proof. The testimony of Mr. Thompson would not "reach beyond the mere impeachment or contradiction of a

former witness to the merits of the controversy . . . " Bridgham v. Hinds, 1921, 120 Me. 444, 452, 115 A. 197, 201. Such evidence could not bring the plaintiff any closer to proving his title, and thus the granting of a new trial on the basis of such a claim of new evidence would be futile.

"If from the nature of the evidence that the moving party seeks to rely upon, as disclosed by the motion and affidavits, it is apparent no purpose can be served other than the impeachment of the testimony of an adversary, or of witnesses of the adverse party, a new trial should not be granted unless the testimony of the witness sought to be impeached was so important to the issue, and the evidence impeaching the witness so strong and convincing, that a different result must necessarily follow." London v. Smart, 1928, 127 Me. 377, 379, 143 A. 466, 468.

See also, Harrison, Pro Ami v. Wells, supra, 151 Me. at 81, 116 A.2d 134. But the facts of this case do not bring it within the exception stated in *London*, supra. The motion for a new trial was properly denied.[3]

## II ON THE MERITS

 The principal controversy in this case involved the placement of the boundaries of the lots in question in their proper places upon the face of the earth. It has long been held that the location of boundaries is a question of fact. Rusha v. Little, 1973, Me., 309 A.2d 867; Perkins v. Conary, 1972, Me., 295 A.2d 644; Mayer v. Fuller, 1968, Me., 248 A.2d 140.

 Because the issue to be decided by the presiding Justice was factual, "we must apply the 'clearly erroneous' rule" (Jacobs

---

3. The portion of the testimony of Chester Chase which the plaintiff claimed contained the misrepresentation and was the object of the proposed impeaching testimony was not before the presiding Justice for the purpose of his decision. Mr. Chase's response which

gave use to this aspect of the controversy was stricken as hearsay. Hence, we believe that, in addition to what we have already stated, since the testimony in question was held inadmissible, it cannot serve as a basis for the motion.

v. Boomer, 1970, Me., 267 A.2d 376), and, in the absence of any enumerated factual conclusions, "findings of fact assumed to have been made in necessary support of the decision rendered . . . shall not be set aside unless clearly erroneous." *Id.*, citing Harriman v. Spaulding, 1960, 156 Me. 440, 165 A.2d 47; Sanfacon v. Gagnon, 1933, 132 Me. 111, 167 A. 695. See also, M.R.C.P. Rule 52(a).

An examination of the testimony and exhibits in this case show a clear lack of evidence of probative value in the case presented by the plaintiff. The deeds offered in evidence contain descriptions general in nature and testimony purporting to interpret the language of the deeds is vague and does not supply a context in which such language can be given meaning in terms of location upon the face of the earth.

The testimony of a surveyor engaged by the plaintiff was likewise of minimal probative value. The markers and monuments from which the surveyor's lines were run were selected by the plaintiff as were the bearings of the lines. Such a survey is really a mere graphic outline of the theory upon which the plaintiff intended to implement his plan of action in the litigation and cannot, in our opinion, be considered as probative of any facts in issue.

As we have held in the past, the plaintiff in a real action must prove title to the property he describes in his complaint before he can recover judgment for its possession, and this he must do by showing a better title than that of the defendant; failing in this, he cannot prevail even though it should appear that the defendant has no title. Hann v. Merrill, 1973, Me., 305 A.2d 545, 550. See also, M.R.C.P. Rule 80A(c).

We have examined the record in this case, and, in the light of all the evidence, testimonial and documentary, we cannot say that the presiding Justice was clearly wrong in concluding that the plaintiff "failed to sustain his burden of proof upon essentials of his complaint."

The entry will be

Appeal denied.

All Justices concur.

DELAHANTY, J., did not sit.