Guy **SYLVAIN** and Colette **Sylvain,**
et al.

v.

**MASONITE CORPORATION.**

Supreme Judicial Court of Maine.

Argued Jan. 10, 1984.
Decided Feb. 23, 1984.

Rudolph T. Pelletier (orally), Madawaska, for plaintiffs.

Stevens, Engels, Bishop & Sprague, Albert M. Stevens, Richard C. Engels (orally), Presque Isle, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

In a jury trial in Superior Court, Aroostook County, the plaintiffs recovered general verdicts against the Masonite Corporation (Masonite) for damages resulting from the purchase of hardboard siding. On appeal, Masonite argues that the evidence was insufficient to support the verdicts against it. We disagree and affirm the judgments of the Superior Court.

The plaintiffs in this action are seven married couples from Fort Kent who purchased and installed on their respective residences hardboard siding manufactured and sold by Masonite. Within a short time of installation, days in one case, weeks in several other cases, and months in the remainder of cases, the plaintiffs experienced difficulties with the siding. Some of it stained and later warped, buckled, and swelled. With the passage of time, many of the problem boards developed rot, delaminated at the lower edges, swelled over the nailheads, and became unsightly in appearance. The degree of these symptoms varied from home to home and from season to season. Masonite denied liability, and the plaintiffs subsequently instituted this action.

In an eight day trial, the jury was presented with several theories of liability—breach of implied warranty of merchantability, strict liability, and negligent failure to warn that the siding was dangerous. A general verdict was returned in favor of all the plaintiffs.

On appeal, Masonite maintains that there was no evidence that a defect existed in the siding at the time it left Masonite's control. Thus, it argues, the evidence was insufficient to support any of the plaintiffs' theories. It further asserts that there was no evidence of bodily injury or damage to property other than the Masonite siding to support the strict liability theory, 14 M.R. S.A. § 221 (1980), and that there was no evidence of bodily injury to support the failure to warn of a dangerous chattel theory, *Restatement (Second) of Torts* § 388 (1965).

■ Because neither party requested special verdicts under M.R.Civ.P. 49(a) or a general verdict accompanied by answer to interrogatories under M.R.Civ.P. 49(b), we are unable to ascertain upon which count or counts the jury based its verdicts. We must therefore sustain the general verdict if the evidence is sufficient to support any of the alternative theories of recovery submitted to the jury. *Depositors Trust Co. v. Farm Family Life Insurance Co.*, 445 A.2d 1014 (Me.1982); *London v. Smart,* 127 Me. 377, 143 A. 466 (1928). Since we find the evidence sufficient to support the breach of implied warranty of merchantability theory, we affirm the judgments.

■ 11 M.R.S.A. § 2–314 (1964) sets forth six minimal quality standards of merchantability:

(2) Goods to be merchantable must at least be such as

(a) Pass without objection in the trade under the contract description; and

(b) In the case of fungible goods, are of fair average quality within the description; and

(c) Are fit for the ordinary purposes for which such goods are used; and

(d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) Are adequately contained, packaged and labeled as the agreement may require; and

(f) Conform to the promises or affirmations of fact made on the container or label if any.

There was ample evidence from which the jury could rationally find that the siding, at the time it was sold, was not fit for the ordinary purposes for which siding is used.

The plaintiffs' expert, Dr. Gus Currie, both a chemist and building appraiser, tested samples of problem and non-problem siding from homes of two of the plaintiffs. He also conducted an on site examination of the properties of all the plaintiffs. From his test results, Dr. Currie concluded that the problem siding was made from green, unseasoned wood which enabled it to absorb more water than it should have. He opined that the staining was caused by the extraction of pigments from the siding and that the buckling and warping resulted from the freezing of the moisture in the siding during cold weather. His examination of the plaintiffs' properties negated other possible causes of the difficulties experienced with the siding such as inadequate ventilation and excessive levels of humidity. Although Dr. Currie did not chemically analyze samples from buildings of five plaintiffs, his physical examination of their homes ruled out other possible causes. From this the jury could reasonably infer that siding purchased from the same company, at approximately the same time, and which suffered the same problems, also possessed the same defect.

Evidence which additionally supports the breach of implied warranty of merchantability theory includes: testimony that, at the time of purchase, the Masonite siding was wrapped in its original packaging; evidence of the relatively short lapse of time between purchase and installation of the siding and product failure; and, testimony of carpenters that the siding was properly installed. A reasonable view of all the evidence together with all justifiable inferences drawn therefrom, when taken in the light most favorable to the plaintiffs, amply supports a finding of breach of implied warranty of merchantability. *See Blackman v. Jackson,* 458 A.2d 755, 756 (Me.1983); *Zamore v. Whitten,* 395 A.2d 435, 439 (Me. 1978).

Because we find the evidence sufficient to support the breach of implied warranty of merchantability, we do not reach, and express no opinion on, the questions whether strict liability, 14 M.R.S.A. § 221 (1980), requires damage other than to the defective product itself or whether breach of a duty to warn of a dangerous chattel, *Restatement (Second) of Torts* § 388 (1965), requires bodily injury.

The entry is:

Judgments affirmed.

All concurring.