STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
LOCATION: PORTLAND
DOCKET No.: AP-24-033

CHRISTIAN HILL PROPERTIES, LLC )
)
Plaintiff, )
)
)
v. )
)
APPEALS BOARD OF THE TOWN OF )
CASCO, )
)
Defendant, )
)
and )
)
PINE TREE MAINE 2, LLC, )
)
Party-in-Interest. )

**ORDER ON OUTSTANDING MOTIONS**

There are four motions before the Court in this administrative appeal. First, Plaintiff Christian Hill Properties, LLC ("CHP") filed a Motion for Trial of the Facts pursuant to M.R. Civ. P. 80B(d). Second, CHP filed a Motion to Amend and Supplement Pleadings pursuant to M.R. Civ. P. 15. Third, Defendant Appeals Board of the Town of Casco (the "BOA"), filed a Motion to Dismiss pursuant to M.R. Civ. P. 80B(h) for want of prosecution. Finally, CHP filed a "Suggestion of Disqualification of Counsel" that was included with an Objection to the BOA's Motion to Dismiss. For the reasons that follow, CHP's Motion for Trial of the Facts is **DENIED**, CHP's Motion to Amend and Supplement Pleadings is **GRANTED**, and the BOA's Motion to Dismiss and CHP's "Suggestion of Disqualification of Counsel" are both **DENIED**.

## I. BACKGROUND

The following facts are drawn from CHP's Rule 80B Complaint. This appeal concerns the establishment of an adult-use marijuana store (the "Project"). (Compl. ¶ 15.) On July 26, 2023,

1

party-in-interest Pine Tree Maine 2, LLC ("Pine Tree") submitted an application for site plan review together with a "Letter of Intent". (*Id.* ¶ 5.) The proposed location for the Project is 325 Roosevelt Trail, Casco, Maine. (*Id.* ¶ 15.)

On August 14, 2023, Pine Tree brought its application for site plan review before the Town of Casco Planning Board ("Planning Board") for public hearing. (*Id.*) Attorney Stephean C. Chute, the sole member and managing director of CHP and owner of an abutting property, appeared at the public hearing to oppose the project. (*Id.* ¶¶ 15, 28-31.) The Planning Board reviewed the Project during several public hearings between August 14, 2023, and December 11, 2023. (*Id.* ¶ 15.) Attorney Chute appeared at each public hearing to oppose the Project and submitted written opposition. (*Id.*) In his written opposition, Attorney Chute argued that the site plan application was not properly before the Planning Board, the Project encroached on an express easement, and the Project did not meet setback requirements. (*Id.*) On November 1, 2023, Attorney Chute filed Proposed Findings of Fact and Conclusions of Law with respect to Pine Tree's application. (*Id.* ¶ 18.) On December 11, 2023, the Planning Board voted to approve the Project. (*Id.* ¶¶ 11, 15.)

On January 8, 2024, CHP timely appealed the Planning Board's decision to the BOA. (*Id.* ¶ 11.) On February 26, 2024, the BOA held a hearing and questioned whether CHP had standing to bring the appeal. (*Id.* ¶¶ 19, 22.) At the hearing, legal counsel for the BOA suggested that CHP did not have standing to appeal the Planning Board's decision to the BOA because Attorney Chute appeared solely in his individual capacity before the Planning Board. (*Id.* ¶ 22.) Attorney Chute argued in response that he appeared before the Planning Board on behalf of himself and all that claim by and through him. (*Id.* ¶ 24.) Attorney Chute also asserted that CHP leases property that abuts the Project and argued that there is a commonality of interest between himself and CHP that is sufficient to establish standing before the BOA. (*Id.* ¶ 36.) On April 22, 2024, the BOA issued

2

a Notice of Decision with Findings of Fact and Conclusions of Law denying CHP's appeal for lack of standing. (*Id.* ¶¶ 12, 16.)

## II. DISCUSSION

### A. Motion for Trial of the Facts

On July 3, 2024, CHP filed a Motion for Trial of the Facts. M.R. Civ. P. 80B(d). CHP seeks to augment the administrative record with documents to demonstrate "privity of standing" between Attorney Chute and CHP. These documents include: (1) CHP's Certificate of Formation, (2) Memorandum of Master Lease, (3) a lease of 10 Red Mill Road, (4) lease payment checks, and (5) Red Mill Road measurements.

Any party to a Rule 80B appeal may move for a trial of the facts. M.R. Civ. P. 80B(d). The purpose of a trial of the facts is "not to retry the facts but rather to permit the court to obtain facts that are not present in the record." *Silsby v. Belch*, 2008 ME 104, ¶ 6, 952 A.2d 218. The Superior Court, serving in its appellate capacity in regard to the appeal itself, may then review evidence beyond the municipal record that is "necessary to the appeal before the court." *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 9, 743 A.2d 237. "[A] detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial" must accompany the motion. M.R. Civ. P. 80B(d). The Law Court has specifically allowed a trial of the facts related to bias, ex parte communications, or timeliness of an appeal. *See Baker's Table, Inc.*, 2000 ME 7, ¶ 9, 743 A.2d 237 (explaining a record can be augmented if there are claims of ex parte communications or bias); *see also Boisvert v. King*, 618 A.2d 211, 214 (Me 1992) (concluding trial of the facts required when issue was timeliness of appeal).

Here, CHP seeks to present evidence to establish CHP's "privity of standing" with Mr. Chute. CHP alleges that legal counsel for the BOA "improperly affected deliberative process of appeal by precluding consideration of evidence of privity of standing." (Pl.'s Opp'n Def.'s Mot.

3

Dismiss 15.) CHP further argues that a trial of the facts is required to "rehabilitate the failures of the procedural and deliberative process practiced by the [BOA] below." (*Id.*) The BOA contends that a trial of the facts is not required because the documents offered by CHP are irrelevant to the question of whether CHP obtained party status before the Planning Board. (Def.'s Opp'n Pl.'s Mot. Trial Facts 6-7.)

CHP seeks to offer the Memorandum of Master Lease in this appeal. CHP submitted this evidence with its appeal of the Planning Board's decision to the BOA. (Compl. ¶ 36.) The BOA considered this evidence on the record during the February 26, 2024, hearing. (*Id.*) In other words, it is already a proper part of the record before this Court.

As to the Certificate of Formation, lease of 10 Red Mill Road, lease payment checks, and the Red Mill Road measurements, there is no evidence that CHP submitted these documents to the BOA. In other words, CHP now seeks to introduce evidence that it could have offered at the administrative level but did not. Given that CHP had ample notice and opportunity to present this evidence to the BOA, the Court will not allow CHP to now supplement the record with this additional evidence. *See Bauer v. Town of Gray*, No. AP-99-90, 2000 WL 33675352, at *1 (Me. Super. Ct. Sept. 7, 2000) (explaining trials pursuant to Rule 80B(d) should be limited to claims of procedural irregularity or other issues on which there was no opportunity to make a record below); *Concerned Citizens of Gorham v. Town of Gorham*, No. AP-08-17, 2008 Me. Super. LEXIS 181, at *2 (Sept. 2, 2008) (explaining Rule 80B(d) is not designed to allow a party to retry facts or offer evidence that could have been offered at administrative level); *Rosenthal v. Town of Otisfield*, No. AP-20-02, 2021 Me. Super. LEXIS 82, at *2 (Apr. 12, 2021) (concluding an appellant's failure to put facts on the record at the administrative level does not justify a trial of the facts); *CPSP LLC v. City of S. Portland*, 2007 Me. Super. LEXIS 231, at *4 (Nov. 7, 2007) (agreeing that a party

4

cannot use a trial of the facts to introduce evidence that should have been offered at the administrative level). Therefore, CHP's Motion for Trial of the Facts is denied.

## B. Motion to Amend and Supplement Pleadings

On June 14, 2024, CHP filed a Motion to Amend and Supplement Pleadings ("Motion to Amend") together with a "First Amended Rule 80B Appeal." The basis for CHP's Motion to Amend is to include information related to "Warrant for Article 38," an amendment to the Marijuana Ordinance, Casco Code § 215-2.1. The Board of Appeals has not filed an opposition to CHP's Motion to Amend.[1]

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." M.R. Civ. P. 15(a); *see also* M.R. Civ. P. 80B(a) ("[P]roceedings for [judicial] review shall, . . . be governed by [the] Rules of Civil Procedure as modified by this rule."). CHP filed its Motion to Amend only two weeks after the original 80B Complaint and prior to the BOA's Motion to Dismiss. Accordingly, leave of court is not required to amend. CHP's Motion to Amend is therefore granted.

## C. Motion to Dismiss

The BOA argues that CHP's 80B Complaint should be dismissed pursuant to M.R. Civ. P 80B(h) because CHP failed to adhere to the procedural requirements of M.R. Civ. P 80B(e). (Def.'s Mot. Dismiss 2-5.)

In a Rule 80B Appeal, the plaintiff is responsible for preparing and filing the record of proceedings of the governmental agency being reviewed. M.R. Civ. P. 80B(e)(1). The contents of the administrative record "shall include the application or other documents that initiated the

---

[1] "Ordinarily, a trial court should rule on a motion for leave to amend before acting on another motion, such as a motion to dismiss, that could be dispositive of the original complaint." *Paul v. Town of Liberty*, 2016 ME 173, ¶ 7, 151 A.3d 924.

5

agency proceedings and the decision and findings of fact that are appealed from . . . . [and] [i]f the agency decision was based on a municipal ordinance . . . a copy of the relevant section or sections from the ordinance . . . ." M.R. Civ. P. 80B(e)(2). Under M.R. Civ. P. 80B(e)(2), the "parties shall meet in advance of the time for filing the plaintiff's brief or motion for trial of the facts to agree on the record to be filed." Pursuant to M.R. Civ. P. 80B(h), "[i]f the plaintiff fails to comply with subdivision (e) or (g) of this rule, the court may dismiss the action for want of prosecution." The plain language of the rule suggests that dismissal pursuant to M.R. Civ. P. 80B(h) is discretionary. *See Boynton v. Adams*, 331 A.2d 370, 372 (Me. 1975) (explaining the word "may" in a statute is generally permissive, discretionary, and not mandatory).

Here, the BOA contends that dismissal is warranted because CHP (1) failed to meet and confer prior to filing the record, and (2) neither filed the application that initiated the underlying governmental proceedings nor the relevant municipal ordinances. *See* M.R. Civ. P. 80B(e)(1), (e)(2), (h). CHP admits failing to meet and confer with the BOA prior to filing the administrative record. (Pl.'s Opp'n to Def.'s Mot. Dismiss 16.) To cure the deficient record, CHP's opposition includes a document captioned "Appendix IV, Rule 80B(e)(2) Supplemental Record on Appeal" ("Appendix IV"). Again, CHP submitted portions of the administrative record, as contained in Appendix IV, without meeting or conferring with the BOA concerning the contents of the record.

The Court acknowledges that CHP likely violated M.R. Civ. P. 80B(e). However, the BOA has not demonstrated undue prejudice, this is not a case with a complex record, and it is not evident that CHP's procedural oversights were made in bad faith. *See Grano v. City of Portland*, No. AP-22-004, 2020 WL 13543855, at *3 (Me Super. Ct. Apr. 25, 2020) (concluding dismissal not warranted for failure to meet and confer where no undue prejudice found, and the record is not

6

complex). Therefore, the Court concludes that the drastic remedy of dismissal is not warranted at this time.

The Court orders CHP to meet and confer with the BOA withing thirty days of entry of this Order regarding the administrative record to be filed in this case. Following the meeting, the parties are ordered to promptly inform the Court if there is any dispute as to the record. M.R. Civ. P. 80B(e)(2). Finally, CHP shall file <u>one</u> complete administrative record to allow for meaningful judicial review.[2] The Court cautions CHP that unexcused failure to comply with this Order may result in sanctions against it, including dismissal.

### D. Suggestion of Disqualification of Counsel

A court may grant a motion to disqualify counsel only when the moving party shows (1) that disqualification will serve the purposes of the Maine Rules of Professional Conduct, and (2) that the moving party will suffer actual prejudice as a result of the attorney's continued representation of the party. *Morin v. Me. Educ. Assoc.*, 2010 ME 36, ¶¶ 9-10, 993 A.2d 1097.

As to the first prong, the moving party "has the burden of demonstrating more than mere speculation that an ethics violation occurred; she must establish in the record that continued representation of the nonmoving party by that party's chosen attorney results in an affirmative violation of a particular ethical rule." *Id.* ¶ 9.

As to the second prong, courts "will not assume the existence of prejudice to the moving party just by the mere fact that an ethical violation was committed." *Id.* ¶ 10. Rather, the moving party "must point to specific, identifiable harm she will suffer in the litigation by opposing counsel's continued representation." *Id.*

---

[2] CHP's "Appendix III Supplemental Record" appears to contain documents that are part of the administrative record alongside documents that are part of CHP's Motion for Trial of the Facts and thus not in the record. CHP's continued piecemeal filing of the administrative record, as evidenced by CHP's filing of Appendix IV, demonstrates why M.R. Civ. P 80B(e) requires the parties to meet and confer in advance of filing the administrative record.

In this case, CHP seeks to disqualify legal counsel for the BOA, Attorney McCall. Specifically, CHP asserts that Attorney McCall engaged in ex parte communications with John Wiesemann, Town of Casco Code Enforcement Officer (the "CEO"), and Pine Tree regarding the interpretation of setback requirements for the Project. CHP argues that these alleged ex parte communications violate the Freedom of Access Act, CHP's due process rights, and run afoul of M.R. Prof. Conduct 1.7 regarding conflicts of interest.

The first alleged ex parte communication at issue was between Attorney McCall and the CEO. During a public hearing before the Planning Board on August 14, 2023, the CEO indicated that he had "gone over" the setback requirements with Attorney McCall. The BOA argues that any communication between Attorney McCall and the CEO occurred prior to the site plan review being submitted by Pine Tree and that Attorney McCall can provide legal advice to the CEO.

Next, CHP alleges that Attorney McCall engaged in ex parte communications with Pine Tree's representative, Lindsay Holden. CHP argues that this is evidenced by Ms. Holden's statements at a public hearing before the Planning Board stating, "we had conversations and brought Ben [McCall] in on this . . . and he determined what I was proposing was correct." The BOA contends that Attorney McCall gave advice to the CEO which was then passed along to Pine Tree in advance of filing an application for site plan review.

CHP's assertion that Attorney McCall and Pine Tree engaged in ex parte communications after the application was filed is mere speculation. In addition, CHP failed to point to specific, identifiable harm that CHP will suffer in this litigation by opposing counsel's continued representation. *Morin*, 2010 ME 36, ¶¶ 9-11, 993 A.2d 1097. On the record before the Court, CHP has failed to satisfy the requirements outlined by the *Morin* Court to disqualify counsel. The Court therefore denies CHP's Suggestion of Disqualification of Counsel without prejudice to its renewal.

8

## III. CONCLUSION

The Order is:

1) CHP's Motion for Trial of the Facts is **DENIED**.

2) CHP's Motion to Amend is **GRANTED**.

3) The BOA's Motion to Dismiss is **DENIED**.

4) CHP's Suggestion of Disqualification of Counsel is **DENIED**.

5) CHP shall meet and confer with the BOA regarding the administrative record to be filed in this case within thirty days of the date of this Order. The parties are to promptly inform the Court if there is any dispute as to the record to be filed. CHP shall then file one complete administrative record with the Court.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 11/13/24

Hon. John O'Neil, Jr.
Justice, Maine Superior Court

Entered on the Docket: 11/20/24

9